(158 App. Div. 503.)

### HERBST v. KEYSTONE DRILLER CO.

(Supreme Court, Appellate Division, First Department.   October 24, 1913.)

DEPOSITIONS (§ 46*)—INTERROGATORIES—ATTACHING CORRESPONDENCE.

    Code Civ. Proc. § 909, provides that a commission with the certificate, returns, depositions, and exhibits thereto annexed must remain on file in the office of the clerk and are always open to the inspection of the parties, either of whom is entitled to a copy of them or any part thereof. In an action for libel, a commission issued to examine the Brazilian representative of defendant's agent.   One of the interrogatories required the witness to state the information he possessed, prior to the writing of a certain letter to his firm, on which he based certain statements, and also called on him to include in his answer a statement of the facts which he knew of his own knowledge, and to produce the letters or other communications from other persons by which he obtained such facts as were not known to him of his own knowledge and on which he based such statements, and to cause a copy to be made of the parts of such communications on which he relied when making them, etc.   On objection, this interrogatory was modified so as to require the witness to attach the entire correspondence between defendant's agent and the witness' company between certain dates, which correspondence consisted of numerous personal letters covering many matters which did not relate to the issues, including communications of business policy and other confidential matter.   *Held*, that such modification was improper, and that the interrogatory should only require the witness to attach copies of such parts of the communications as referred in any way to the subject-matter of the controversy, on condition that defendant produce at the trial the complete communications referred to, or copies thereof, and submit the same to the trial judge for comparison with the extracts attached to the answer to the interrogatory, and in default thereof that the answer be stricken.

    [Ed. Note.—For other cases, see Depositions, Cent. Dig. §§ 68–71; Dec. Dig. § 46.*]

Appeal from Special Term, New York County.

Action by Robert Herbst against the Keystone Driller Company. From an order entered on the settlement of interrogatories to be attached to a commission to examine witnesses, defendant appeals. Modified.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Cornelius P. Kitchell and Harry D. Nims, both of New York City, for appellant.

Hoadley, Lauterbach & Johnson, of New York City (Alfred H. Townley, of New York City, of counsel), for respondent.

PER CURIAM.   This is an action for libel.   A commission was issued to examine witnesses in Brazil.   The thirty-fourth interrogatory addressed to the witness Oscar R. Taves required the witness to state

the information in his possession prior to the writing of a certain letter by his firm on which he based certain statements set out and continued:

"Include in your answer a statement of such facts as you knew of your own knowledge, and produce the letters or other communications from other persons by which you obtained such facts as were not known to you of your own knowledge, and upon which you based these statements. Cause a copy to be made of the parts of such communications upon which you placed reliance in making the statements in the letter above referred to, signing such copies yourself, and causing the commissioner to certify to the correctness of such copies."

The order appealed from directed that said interrogatory be disallowed as proposed and the said interrogatory amended so as to require the witness to produce the complete communications referred to therein instead of causing parts thereof to be attached. This would require the entire correspondence between H. S. Henry & Son, the defendant's agent, and Oscar Taves & Co., Henry's Brazilian representative, between the period of January, 1911, and May, 1911, to be attached to the commission. These letters are numerous, personal, and extensive, and cover a great many matters which do not relate in any way to the issues in this action. They include many communications in regard to business policy, the credit and integrity of persons dealing with the defendant company and its agents, and like matters which are confidential and ought not to be divulged unless required by the exigencies of the case.

Section 909 of the Code of Civil Procedure provides that:

"A commission, * * * with the certificate, returns, depositions, and exhibits thereto annexed, must remain on file in the office of the clerk. * * * They are always open to the inspection of the parties, either of whom is entitled to a copy of them, or of any part thereof, on the payment of the fees allowed by law."

If the order were permitted to stand, the result would be that many important confidential business transactions utterly unrelated to the case at bar would be exposed and such revelation might be a serious business detriment. On the other hand, it would not be entirely fair to permit the witness to extract only such parts of the communications as he might determine upon.

In order to safeguard the interests of both sides, the order appealed from should be modified by providing as follows:

"Ordered, that direct interrogatory No. 34, proposed to be administered to the witness Oscar Taves, be amended so as to require the witness to attach copies of such parts of the communications received from H. S. Henry & Son, as refer in any way to the Keystone Driller Company, or to the sale of drilling machines to the Brazilian government; and upon condition that the Keystone Driller Company produce at the trial of this action the complete communications referred to, or copies thereof, and submit the same to the trial judge for comparison with the extracts attached to the answer to interrogatory No. 34, pursuant to this order and in default thereof the written answer to said thirty-fourth interrogatory be stricken out."

And, as so modified, affirmed, with $10 costs to the appellant.